**Pauline Rose O'NEIL, Plaintiff–Appellant,**

**v.**

**CITY OF SCHENECTADY, Located in the County of Schenectady, New York; Albert Jurczynski, Mayor of the City of Schenectady; Michael T. Brockbank, City attorney and corporation counsel of the City of Schenectady, Individually and in his official capacity; WRGB–TV 6; Freedom Broadcasting of New York, Incorporated; Freedom Communications, Inc.; Darcy Wells, Individually and in her official capacity; An Unidentified Camera Operator of WRGB–TV 6, Individually and in official capacity; Daily Gazette; The Daily Gazette Company; Matthew Roy; Morgan Lyle, Individually and in his official capacity; and Marc Schultz, Individually and in his official capacity, Defendants–Appellees.**

**No. 01–7922.**

United States Court of Appeals, Second Circuit.

Sept. 3, 2002.

Lewis B. Oliver, Jr., Albany, NY, for Appellant.

Aaron M. Baldwin, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY, for City Appellees.

Neil H. Rivchin, O'Connell and Aronowitz, P.C., Albany, NY, for TV Appellees.

Andrew C. Rose, Nixon Peabody LLP, Albany, NY, for Gazette Appellees.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The plaintiff Pauline Rose O'Neil appeals from the judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*) dismissing her 42 U.S.C. § 1983 and state law claims after granting the defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). On September 24, 1998, the city defendants obtained and served a civil injunction and temporary restraining order closing down the Toy Box II, a nude dance club that the plaintiff managed. The plaintiff contends that her Fourth Amendment and Fourteenth Amendment rights were violated because the city defendants invited and encouraged the media defendants to witness the closing of the club. Specifically, she asserts that her privacy interests were violated when WRGB–TV 6 broadcast her image on the evening news and when The Daily Gazette wrote an article noting that she was the manager of a nude dance establishment.

At oral argument, the plaintiff clarified that she was not contesting the district court's reliance on her deposition testimony. She also conceded that the media defendants photographed and observed her at the entrance to the club, where any member of the public (so long as he or she did not work for the city) was welcome to come and apply for "membership." Because the plaintiff was in an area open to the general public, her federal privacy interests were not violated. *See Maryland v. Macon,* 472 U.S. 463, 469, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985).

Because the district court concluded that plaintiff's federal claims were without merit, it dismissed the plaintiff's state claims. Assuming that the district court meant to dismiss the state claims without prejudice, we also affirm this aspect of its judgment.

The judgment of the district court is hereby AFFIRMED.